ROBERTSON, Justice:
The City of Moss Point, Mississippi, filed a bill of interpleader in the Chancery Court of Jackson County, Mississippi, and paid $5,559.12 into the registry of the Court. In its bill the City admitted that it owed this sum to Respondents Cleo Graham and Spurgeon J. Lachaussee, but it could not decide which of the two claimants was rightfully entitled to this fund. The City prayed that the Court determine whether Graham or Lachaussee was entitled to the imterpleaded funds.
Graham, Preston Slade, and Graham and Slade, Inc. answered that they were entitled to $4,725.25 and that Lachaussee was entitled to $833.87, his pro rata part, and prayed that the funds be disbursed accordingly.
Lachaussee filed an answer, wherein he averred that he had endorsed two checks, one for $1092.29 and the other for $105.00, which checks had been sent him by Graham, and Lachaussee deposited these checks with the court. Lachaussee then asserted that he was entitled to $6,634.37 from the interpleaded funds. After a full hearing, the trial court adjudged and decreed :
“[Tjhat the Respondent, S. J. Lachaus-see, is hereby awarded monetary judgment of $6,634.37 against the funds in the Registry of the Court and the Clerk of this Court is hereby directed to disburse the funds on hand herein as follows: (1) All Court costs shall first be *797 deducted and paid to the Clerk (2) the sum of $6,634.37 shall be paid to the Respondent, S. J. Lachaussee (3) all funds remaining shall be jointly paid to the Respondents, Cleo Graham, Preston Slade and Graham & Slade, Inc., a Mississippi Corporation.”
Cleo Graham, Preston Slade and Graham and Slade, Inc., appealed, assigning as error:
(1) That the Chancery Court erred in its interpretation of the release between the parties.
(2) That the decree is contrary to the overwhelming weight of the evidence.
Lachaussee cross-appealed, assigning as the only error:
That the Final Decree of the Chancery Court should be modified to provide that the sum paid to the Appellee should bear statutory interest from the date of March 27, 1970.
Cleo Graham and Spurgeon J. Lachaus-see for some time had been separately doing heavy construction work and land clearing work along the Mississippi Gulf Coast. After Hurricane Camille struck in August, 1969, Graham and Lachaussee hurriedly formed a new corporation under the name of Pas-Point Contractors, Inc. to better perform cleanup work along the Gulf Coast. Preston Slade joined the organization and in November, 1969, was issued sufficient stock in the corporation to give him a j/jrd interest therein. Shortly thereafter business differences developed among them, and Graham and Slade, at a called meeting of the corporation, voted Lachaussee out as secretary-treasurer.
After considerable negotiations, they finally compromised their differences, and on January 8, 1970, Lachaussee executed the following Release:
“KNOW ALL MEN BY THESE PRESENTS, that I, Spurgeon La-chaussee individually and d/b/a Pas-Point Sands-Fills Company, for the consideration of Nine Thousand, Two Hundred Ninety and 24/100 dollars ($9,290.24), to me in hand paid by Pas-Point Contractors, Inc., a Mississippi corporation, and Cleo Graham individually and d/b/a Graham Construction Company and Preston Slade, Payers, the receipt of which is hereby acknowledged, and for the further consideration of Six Thousand, Six Hundred Thirty-Four and 37/100 dollars ($6,634.37) to be paid to me on a pro rata basis as the total of the same is collected from the City of Moss Point, Mississippi, a municipal corporation, and Jackson County, Mississippi, a political subdivision of the State of Mississippi, wherein the Payers claim that Jackson County, Mississippi is indebted to them in the amount of $33,410.50 and that the City of Moss Point, Mississippi is indebted to it and them in the amount of $10,714.13, have released and discharged and by these presents do for myself, my heirs, executors, administrators and assigns release and forever discharge the said Payers of and from any and all sums of money, accounts, claims, demands, actions, causes of action, or suits at law or in equity, of whatsoever kind or nature, for or because of any matter or thing done, omitted, or suffered to be done prior to and including the date hereof and in the future and particularly on account of my business relationship with Pas-Point Contractors, Inc., a Mississippi corporation and my business, Pas-Point Sands-Fills Company, with the aforesaid corporation and Graham Construction Company as a joint venture and as a result of any joint ventures known as Graham and Lachaus-see with any and all persons, partnerships and corporations of every kind and description and more particularly the City of Moss Point, Mississippi, a Municipal Corporation, Jackson County, Mississippi, a political subdivision of the State of Mississippi, and as a result of my being an officer, stockholder and director of Pas-Point Contractors, Inc., a Mississippi corporation.
*798 “For the same hereinabove consideration, I further release, sell, convey and transfer all of my right, title and interest in and to all real, personal and mixed property which I have in Pas-Point Contractors, Inc., a Mississippi corporation to said corporation including my ten shares of common stock, not limited to but including all fixtures and equipment, leases and contracts of every kind and description.
“I further understand this release is made as a compromise to avoid expense and to terminate all controversy and/or claims as a result of my business transactions with the aforesaid corporations and individuals of whatsoever nature, known or unknown, including future developments thereof.
“It is therefore specifically agreed that this release and conveyance shall be a complete bar to all claims or suits for all sums of money, accounts demands, actions, causes of action, or suits of whatsoever kind which result from my interest in the aforesaid corporation, business venture and with the individuals."
Thereafter, there was paid to Pas-Point Contractors, Inc. by Jackson County the sum of $24,348.60. Graham and Slade issued their check to Lachaussee for $1,092.29, representing to him that that amount, together with $2,560.00 which had been paid to Lachaussee before January 8, 1970, constituted his pro rata share of the $24,348.60 collected from Jackson County. Lachaussee refused to accept this amount and endorsed the $1,092.29 check and another check for $105.00 and deposited those checks in the registry of the court.
We are of the opinion that the chancellor was correct in holding that the Release of January 8, 1970, fixed the definite sum of $6,634.37 as still due Lachaus-see. The only thing indefinite was the time of payment. As Graham and Slade collected from the City of Moss Point and Jackson County, they would pay Lachaus-see until he had been paid $6,634.37. Neither Graham nor Slade was required to dig into his own pocket to pay Lachaussee; but the funds collected from the City of Moss Point or Jackson County or both were clearly earmarked for this purpose up to $6,634.37.
Not having asked for interest from March 27, 1970, in the trial court, La-chaussee can not ask for it for the first time in this Court. He is entitled to legal interest according to law, from December 1, 1970, the date of the Decree.
The Decree of the Chancery Court is, therefore, affirmed on both direct and cross appeals.
Affirmed.
GILLESPIE, C. J., and PATTERSON, INZER and SMITH, JJ„ concur.